UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GUILLERMO MOLINA-AGUILAR | CIVIL ACTION |
| VERSUS | NUMBER: 10-01329 |
| WARDEN AND MEDICAL DEPARTMENT OF DETENTION FACILITY LOCATED AT 3000 PERDIDO STREET, NEW ORLEANS, LOUISIANA; ET AL. | SECTION: "A"(5) |

**REPORT AND RECOMMENDATION**

On March 22, 2010, Guillermo Molina-Aguilar, movant/plaintiff herein, tendered to the Clerk's Office for filing a pleading denominated "Motion, Complaint, and Request for the Prison Medical-Record of the Plaintiff During His Stay at the Above Referenced Detention Facility in New Orleans, Louisiana." (Rec. doc. 1). Movant/plaintiff is an inmate of the Federal Correctional Institute ("FCI") in Big Spring, Texas. Based upon a review of his initial pleading and the records of the Court, it appears that in late August of 2005, movant/plaintiff was housed on the federal tier of

the Orleans Parish Prison ("OPP") in connection with criminal proceedings that took place here for the attempted possession with intent to distribute over five kilograms of cocaine. See United States v. Molina-Aguilar, No. 04-CR-343 "I"(5). After Hurricane Katrina made landfall on August 29, 2005, plaintiff began experiencing severe stomach pain and suspected that his hernia was rupturing. Prison officials returned to OPP on September 4, 2005 and movant/plaintiff was ultimately transported to FCI where he was examined by medical personnel. Although an outside surgeon recommended that hernia surgery be performed, that recommendation was disapproved and denied by the medical administrator at FCI. (Rec. doc. 1).

By way of his initial pleading, movant/plaintiff seeks to be provided with a copy of the medical records that were allegedly generated during his stay at OPP in 2005. (Rec. doc. 1, p. 4). In a related motion that he submitted contemporaneously with his pleading, movant/plaintiff specifically resists any attempt on the reader's part to construe his pleading as an action brought under 42 U.S.C. §1983 or one brought on the basis of diversity of citizenship and states that his sole, limited purpose of initiating the above-captioned proceeding is to simply obtain a copy of his OPP medical records. (Rec. doc. 4).

Rule 8(a) of the Federal Rules of Civil Procedure provides

that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ...". Here, although movant/plaintiff's motion/complaint contains a statement of claim and a demand for relief, it contains no statement of the grounds for the Court's jurisdiction and movant/plaintiff specifically objects to the pleading being construed as a civil rights action under §1983 or an action premised on diversity of citizenship. While Rule 27(a) the Federal Rules of Civil Procedure does allow the filing of a pre-suit petition to perpetuate testimony, movant/plaintiff makes no such request here and the Rule governing the taking of precomplaint depositions is not a discovery vehicle to determine whether a cause of action exists and, if so, against whom such an action should be instituted. In re Boland, 79 F.R.D. 665, 668 (D.C. D.C. 1978). Section 1983 provides a cause of action to individuals whose constitutional rights have been violated by someone acting under color of state law; it is not a free-standing discovery tool. And, absent their purposefully conducting some activity in this State the Court would, in any event, lack personal jurisdiction over the Warden and medical department at FCI who are also named as respondents/defendants. For these reasons, it will be recommended

that the motion/complaint of Guillermo Molina-Aguilar be dismissed for want of jurisdiction.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the motion/complaint of Guillermo Molina-Aguilar be dismissed for want of jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this 20th day of July, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4